UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| HECTOR H. GALVEZ, | ) | No. CV 16-353-PLA |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| CYNTHIA Y. TAMPKINS, Warden, | ) | |
| Respondent. | ) | |

**I**

**SUMMARY OF PROCEEDINGS**

On September 22, 2011, a Los Angeles County Superior Court jury found petitioner guilty of one count of corporal injury to a spouse/cohabitant/child's parent (Cal. Penal Code § 273.5(a)), one count of child abuse (Cal. Penal Code § 273a(a)), one count of criminal threats (Cal. Penal Code § 422), and three counts of assault by means likely to produce great bodily injury or with a deadly weapon (Cal. Penal Code § 245(a)(1)). (Reporter's Transcript ("RT") 4502-05; Clerk's Transcript ("CT") 156-61, 214-15). The trial court sentenced petitioner to a term of nine years and eight months in state prison. (RT 4801, 4809-13; CT 209-15).

On direct appeal, the California Court of Appeal affirmed the judgment. (Lodgment Nos. 3, 6). On June 12, 2013, the California Supreme Court denied petitioner's petition for review. (Lodgment Nos. 7, 8).

On January 15, 2016, petitioner filed the instant Petition in this Court, and consented to have the undersigned Magistrate Judge conduct all further proceedings in this matter. On April 21, 2016, respondent filed a Motion to Dismiss. On April 22, 2016, respondent consented to have the undersigned Magistrate Judge conduct all further proceedings.

On May 17, 2016, respondent notified the Court that she had been unable to serve petitioner with the Motion to Dismiss and other filings. According to respondent, the documents had been mailed to petitioner at his address of record, the California Rehabilitation Center in Norco, California, but were returned to respondent marked "ATTEMPTED -- NOT KNOWN" and "UNABLE TO FORWARD," and well as with the handwritten notation "Paroled." Respondent also stated that a search of the State of California Inmate Locator website (http://inmatelocator.cdcr.ca.gov) did not yield any results for petitioner. (Docket No. 21).

On May 25, 2016, the Court ordered petitioner to file an Opposition to the Motion to Dismiss by June 17, 2016. (Docket No. 23). The Court's May 25, 2016, Order was returned to the Court as undelivered with a handwritten notation indicating that petitioner was paroled.[1] (Docket No. 24). To date, petitioner has not filed anything in response to the Court's May 25, 2016, Order, and has filed nothing in opposition to the Motion to Dismiss.

This matter has been taken under submission, and is ready for decision.

**II**

**PETITIONER'S CONTENTION**

Petitioner contends that the evidence was insufficient to support the conviction. (Petition Attachment at 1-10).

---

[1] Additionally, on March 9, 2016, April 1, 2016, and May 18, 2016, mail sent by the Court Clerk to petitioner at his address of record was returned as undelivered with handwritten notations indicating that petitioner has been paroled. (Docket Nos. 10, 14, 22).

2

# III

## **THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS**

Respondent argues that the Petition is barred by the one-year statute of limitations as prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). (Motion to Dismiss at 4-5).

### A.   THE LIMITATIONS PERIOD

The Petition was filed after the enactment of the AEDPA. Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1) ("the statute of limitations"). That section provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A).

Here, the record shows that after the California Supreme Court denied the petition for review on June 12, 2013, petitioner did not seek review in the United States Supreme Court. Accordingly, for AEDPA purposes, the process of direct review of petitioner's conviction concluded on September 10, 2013, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period for seeking federal habeas relief expired one year later, on September 10, 2014. See 28 U.S.C. § 2244(d).

Absent statutory or equitable tolling, the instant Petition, filed on January 15, 2016, is time barred.

/

/

**B.     STATUTORY TOLLING**

The running of the AEDPA is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.

Here, petitioner did not file any collateral challenges in state court after his conviction became final. Accordingly, no statutory tolling applies.

**C.     EQUITABLE TOLLING**

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate: (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)) (internal quotation marks omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (internal quotations, brackets, and citations omitted).

The Court has reviewed petitioner's filings and concludes that he has not set forth any allegations in support of a claim for equitable tolling. Accordingly, no equitable tolling is warranted.

For the above reasons, the Petition is time barred.[2]

---

[2] Petitioner's failure to inform the Court of his current address also warrants dismissal. See Local Rule 41-6 ("A party proceeding *pro se* shall keep the Court and opposing parties apprised
(continued...)

4

## IV

## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation

---

[2](...continued)
of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* [litigant's] address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such [litigant] fails to notify, in writing, the Court and opposing parties of said [litigant's] current address, the Court may dismiss the action with or without prejudice for want of prosecution.").

Additionally, it is well established that a district court has authority to dismiss an action because of a party's failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Here, under the circumstances of this case, the Court finds that, overall, these factors weigh in favor of dismissal for failure to prosecute. Additionally, the Court notes that it attempted to caution petitioner in the Court's May 25, 2016, Order regarding filing an Opposition to the Motion to Dismiss that "failure to oppose . . . may be construed as consent to the granting of the motion, and may result in dismissal of the action." (Docket. No. 23).

omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). In particular, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that, for the reasons set out supra, jurists of reason would not find the Court's statute of limitations ruling debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## V

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment is entered denying and dismissing the Petition with prejudice. A certificate of appealability is also denied.

DATED: July 7, 2016

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE